TIMOTHY C. CRONIN, ESQ.     (SBN: 181989)
tcronin@crolaw.com
DENNIS J. BYRNE, ESQ.     (SBN: 172618)
dbyrne@crolaw.com
THE CRONIN LAW GROUP
744 Montgomery Street, Second Floor
San Francisco, CA 94111
Telephone: (415) 951-0166
Facsimile: (415) 951-0167

Attorneys for Plaintiff
B.G.N. Fremont Square Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

B.G.N. FREMONT SQUARE LTD., a California Limited Partnership,

    Plaintiff,

    v.

CHANG H. CHUNG, an individual, dba Fremont Cleaners; JEUNG H. CHUNG, an individual, dba Fremont Cleaners; DONALD G. EDWARDS, an individual, dba Fremont Cleaners & Laundry; PEGGY J. EDWARDS, an individual, dba Fremont Cleaners & Laundry; FREMONT-PEACOCK CLEANERS, INC., a California corporation; FREMONT-PEACOCK, INC., a California corporation; HAW LEE LIM, an individual, dba Fremont Square Cleaners; SEUNG KOOK LIM, an individual, dba Fremont Square Cleaners; BYUNG YUL MOON, an individual, dba Fremont Cleaners; HYUN ROK MOON, an individual, dba Fremont Cleaners; SEON HI MOON, an individual, dba Fremont Cleaners; PEACOCK CLEANERS & LAUNDRY, a business organization, form unknown; RITA RODRIGUEZ, an individual, dba Fremont Cleaners; TOWN & COUNTRY CLEANERS, a business organization, form unknown; WINNIE MAE THURMAN, a.k.a., NENA MAE THURMAN, a.k.a., NENA MAE TUCKER, an individual, dba Peacock

Case No. CV10 9749

COMPLAINT

1. Response Costs Recovery under the Federal Comprehensive Response, Compensation and Liability Act (CERCLA);
2. Contribution Under CERCLA;
3. Declaratory Relief Under CERCLA;
4. Injunctive Relief under the Federal Resource Conservation and Recovery Act (RCRA);
5. Contribution under the California Hazardous Substances Account Act (HSAA);
6. Declaratory Relief Under CCP § 1060;
7. Public Nuisance;
8. Private Nuisance;
9. Negligence;
10. Negligence Per Se;
11. Waste Under CCP § 732;
12. Trespass;
13. Equitable Indemnity; and
14. Restitution.

Cleaners & Laundry and Town & )
Country Cleaners; and CECIL )
TUCKER, an individual, dba Peacock )
Cleaners & Laundry and Town & )
Country Cleaners. )
                                    )
            Defendants.             )
_____    )

Plaintiff B.G.N. FREMONT SQUARE LTD., a California Limited Partnership, alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil action arising under the federal Comprehensive Response Compensation and Liability Act, (CERCLA), 42 U.S.C. § 9601 et seq.  This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331. In addition, Plaintiff asserts claims under the federal Resource Conservation and Recovery Act, (RCRA), 42 U.S.C. § 6901 et seq.[1]  The causes of action alleged herein arise under the Constitution, laws, or treaties of the United States, or are supplemental thereto.

2.    Plaintiff's claims for relief arise in this district.  Venue is therefore appropriate in this district under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b).

3.    This Court has jurisdiction over the state law claims for statutory indemnity under Health & Safety Code §§ 25300 et seq., negligence, public nuisance, express indemnity, equitable indemnity, comparative equitable indemnity, contribution, declaratory relief, attorney's fees, and restitution under the doctrine of supplemental jurisdiction because these claims arise out of the same nucleus of operative facts as the federal claims.

## PARTIES

4.    Plaintiff B.G.N. FREMONT SQUARE LTD. is a California Limited

---

[1]  Also known as the Solid Waste Disposal Act.

1 | Partnership.

2 |     5.    Plaintiff is informed and believes, and on that basis alleges that
3 | Defendant WINNIE MAE THURMAN, also known as NENA MAE THURMAN and
4 | NENA MAE TUCKER, an individual residing in Ventura County, California, during
5 | times relevant to this litigation, beginning on or about July of 1961, and continuing
6 | through at least 1981, owned and operated a dry cleaning business known as Town
7 | & Country Cleaners and/or Peacock Cleaners & Laundry located at 690 N. Ventura
8 | Road, Oxnard, CA 93030.

9 |     6.    Plaintiff is informed and believes, and on that basis alleges that Defendant
10 | CECIL TUCKER, an individual residing in Ventura County, California, during times
11 | relevant to this litigation, beginning on or about July of 1961, and continuing through
12 | at least 1981, owned and operated a dry cleaning business known as Town & Country
13 | Cleaners and/or Peacock Cleaners & Laundry located at 690 N. Ventura Road,
14 | Oxnard, CA 93030.

15 |     7.    Plaintiff is informed and believes, and on that basis alleges that
16 | Defendant PEACOCK CLEANERS & LAUNDRY is a corporation; that Defendant
17 | PEACOCK CLEANERS & LAUNDRY is a partnership; that Defendant WINNIE
18 | MAE THURMAN, also known as NENA MAE THURMAN and NENA MAE
19 | TUCKER, is or was at all relevant times a partner of the PEACOCK CLEANERS &
20 | LAUNDRY partnership; that Defendant CECIL TUCKER is or was at all relevant
21 | times a partner of the PEACOCK CLEANERS & LAUNDRY partnership; that
22 | Defendant WINNIE MAE THURMAN, also known as NENA MAE THURMAN and
23 | NENA MAE TUCKER, engaged in business as the sole proprietor doing business as
24 | PEACOCK CLEANERS & LAUNDRY during times relevant to this litigation,
25 | beginning on or before 1969, and continuing through at least 1981, and that said
26 | business was conducted at 690 N. Ventura Road, Oxnard, CA 93030; that Defendant
27 | CECIL TUCKER engaged in business as the sole proprietor doing business as
28 | PEACOCK CLEANERS & LAUNDRY during times relevant to this litigation,

1 beginning on or before 1969, and continuing through at least 1981, and that said
2 business was conducted at 690 N. Ventura Road, Oxnard, CA 93030.

3     8.     Plaintiff is informed and believes, and on that basis alleges that
4 Defendant TOWN & COUNTRY CLEANERS is a corporation; that Defendant
5 TOWN & COUNTRY CLEANERS is a partnership; that Defendant WINNIE MAE
6 THURMAN, also known as NENA MAE THURMAN and NENA MAE TUCKER,
7 is or was at all relevant times a partner of the TOWN & COUNTRY CLEANERS
8 partnership; that Defendant CECIL TUCKER is or was at all relevant times a partner
9 of the TOWN & COUNTRY CLEANERS partnership; that Defendant WINNIE
10 MAE THURMAN, also known as NENA MAE THURMAN and NENA MAE
11 TUCKER, engaged in business as the sole proprietor doing business as TOWN &
12 COUNTRY CLEANERS during times relevant to this litigation, beginning on or
13 before 1961, and continuing through at least 1981, and that said business was
14 conducted at 690 N. Ventura Road, Oxnard, CA 93030; that Defendant CECIL
15 TUCKER engaged in business as the sole proprietor doing business as TOWN &
16 COUNTRY CLEANERS during times relevant to this litigation, beginning on or
17 before 1961, and continuing through at least 1981, and that said business was
18 conducted at 690 N. Ventura Road, Oxnard, CA 93030.

19     9.     Plaintiff is informed and believes, and on that basis alleges that Defendant
20 FREMONT-PEACOCK CLEANERS, INC., a California corporation, dba Fremont
21 Square Cleaners, Fremont Cleaners & Laundry, and Fremont Cleaners. Plaintiff is
22 informed and believes, and on that basis alleges further that Defendant FREMONT-
23 PEACOCK CLEANERS, INC. during times relevant to this litigation, beginning on
24 or about 1982 and continuing to or about 1989, conducted a dry cleaning operations
25 business at 690 N. Ventura Road, Oxnard, CA 93030.

26     10.     Plaintiff is informed and believes, and on that basis alleges that
27 Defendant FREMONT-PEACOCK, INC., a California corporation, dba Fremont
28 Square Cleaners, Fremont Cleaners & Laundry, and Fremont Cleaners. Plaintiff is

1 informed and believes, and on that basis alleges further that Defendant FREMONT-
2 PEACOCK, INC. during times relevant to this litigation, beginning on or about 1982
3 and continuing to or about 1989, conducted a dry cleaning operations business at 690
4 N. Ventura Road, Oxnard, CA 93030.

5       11.     Plaintiff is informed and believes, and on that basis alleges that
6 Defendant Plaintiff is informed and believes, and on that basis alleges that Defendant
7 DONALD G. EDWARDS, an individual residing in Ventura County, California,
8 during times relevant to this litigation, beginning on or before March 30, 1987, and
9 continuing through June 20, 1991, owned and operated a dry cleaning business
10 known as Fremont Dry Cleaners & Laundry located at 690 N. Ventura Road, Oxnard,
11 CA 93030.

12      12.     Plaintiff is informed and believes, and on that basis alleges that
13 Defendant  PEGGY J. EDWARDS, an individual residing in Ventura County,
14 California, during times relevant to this litigation, beginning on or before March 30,
15 1987, and continuing through June 20, 1991, owned and operated a dry cleaning
16 business known as Fremont Dry Cleaners & Laundry located at 690 N. Ventura Road,
17 Oxnard, CA 93030.

18      13.     Plaintiff is informed and believes, and on that basis alleges that
19 Defendant HAW LEE LIM, an individual residing in Ventura County, California,
20 during times relevant to this litigation, beginning on June 20, 1991, and continuing
21 through February 15, 1994, owned and operated a dry cleaning business know as
22 Fremont Square Cleaners located at 690 N. Ventura Road, Oxnard, CA 93030.

23      14.     Plaintiff is informed and believes, and on that basis alleges that
24 Defendant SEUNG KOOK LIM, an individual residing in Ventura County,
25 California, during times relevant to this litigation, beginning on June 20, 1991, and
26 continuing through February 15, 1994, owned and operated a dry cleaning business
27 known as Fremont Square Cleaners located at 690 N. Ventura Road, Oxnard, CA
28 93030.

Complaint
- 5 -

15. Plaintiff is informed and believes, and on that basis alleges that Defendant CHANG E. CHUNG, an individual residing in Ventura County, California, during times relevant to this litigation, beginning on February 15, 1994, and continuing through July 27, 1997, owned and operated a dry cleaning business known as Fremont Cleaners located at 690 N. Ventura Road, Oxnard, CA 93030.

16. Plaintiff is informed and believes, and on that basis alleges that Defendant JEUNG H. CHUNG, an individual residing in Ventura County, California, during times relevant to this litigation, beginning on February 15, 1994, and continuing through July 27, 1997, owned and operated a dry cleaning business known as Fremont Cleaners located at 690 N. Ventura Road, Oxnard, CA 93030.

17. Plaintiff is informed and believes, and on that basis alleges that Defendant BYUNG YUL MOON, an individual residing in Ventura County, California, during times relevant to this litigation, beginning on or about July 24, 1997, and continuing through March 18, 2003, owned and operated a dry cleaning business known as Fremont Cleaners located at 690 N. Ventura Road, Oxnard, CA 93030.

18. Plaintiff is informed and believes, and on that basis alleges that Defendant HYUN ROK MOON, an individual residing in Ventura County, California, during times relevant to this litigation, beginning on or about July 24, 1997, and continuing through March 18, 2003, owned and operated a dry cleaning business known as Fremont Cleaners located at 690 N. Ventura Road, Oxnard, CA 93030.

19. Plaintiff is informed and believes, and on that basis alleges that Defendant SEON HI MOON, an individual residing in Ventura County, California, during times relevant to this litigation, beginning on or about July 24, 1997, and continuing through March 18, 2003, owned and operated a dry cleaning business known as Fremont Cleaners located at 690 N. Ventura Road, Oxnard, CA 93030.

20. Plaintiff is informed and believes, and on that basis alleges that

Defendant RITA RODRIGUEZ, an individual residing in Ventura County, California, during times relevant to this litigation, beginning on March 18, 2003 and continuing through December 2005, owned and operated a dry cleaning business known as Fremont Cleaners located at 690 N. Ventura Road, Oxnard, CA 93030.

21.     Plaintiff is unaware of the true names and capacities, whether individual, association, partnership, corporation, or otherwise of DOES 1 through 10, or any of them, and therefore sue said Defendants by such fictitious names and pray that their true names and capacities, when ascertained, may be incorporated herein by appropriate amendment.

22.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned in this Complaint, one or more of the Defendants were acting as the agent, servant, partner, employee assign or joint venturer of one or more of the remaining Defendants, and in doing the things described in this Complaint were acting within the course and scope of this agency, service, partnership, joint venture and/or employment with its permission and consent, express and implied, and for the benefit of one or more of the remaining Defendants.

23.     Plaintiff is a "person" as that term is defined in RCRA, 42 U.S.C. § 6903(15) and CERCLA, 42 U.S.C. §9601(21).

24.     Each of the Defendants is a "person" as that term is defined in RCRA, 42 U.S.C. § 6903(15) and CERCLA, 42 U.S.C. §9601(21).

## DEFINITIONS

25.     **Disposal** or **Dispose**: As used in this pleading, the term "Disposal" or "Dispose" shall have the meaning set forth in the Solid Waste Disposal Act, ("SWDA") § 1004 (3), 42 U.S.C. 6903(3):

> [t]he discharge, deposit, injection, dumping, spilling, leaking or placing of any solid waste or hazardous waste into or on any land or water so that such waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

26.     **Environment**: As used in this pleading, the term "environment" shall have the meaning set forth in CERCLA § 101(8), 42 U.S.C. § 9601(8):

> (A) the navigable waters, the waters of the contiguous zone, and the ocean waters for which the natural resources are under the exclusive management authority of the United States ... and (B) any other surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States or under the jurisdiction of the United States.

27.     **Facility**: As used in this pleading, the term "Facility" shall have the meaning set forth in CERCLA § 101(9), 42 U.S.C. § 9601(9):

> (A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works) well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock or aircraft or (B) any Site or area where a hazardous substance has been deposited, disposed of, or placed, or otherwise come to be located.

28.     **Hazardous Substance**: As used in this pleading, the term "Hazardous Substance" shall have the meaning set forth in CERCLA § 101(14)(B), 42 U.S.C. § 9601(14)(B) and CERCLA § 101(14)(c), 42 U.S.C. § 9601(14) (c), as listed by the USEPA at 40 C.F.R. § 302.4 pursuant to its authority under CERCLA § 102, 42 U.S.C. § 9602 and applicable state law.

29.     **Hazardous Waste**: As used in this pleading, the term "Hazardous Waste" shall have the meaning set forth in SWDA § 1004(5), 42 U.S.C. § 6905(5):

> [a]ny solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical or infectious characteristics may –
>
> **(A)** cause or significantly contribute to an increase in mortality or any increase in serious irreversible, or incapacitating reversible illness; or
>
> **(B)** pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed.

Hazardous Waste shall also include the definition of Hazardous Waste as defined by applicable state law and "Solid Waste " as set forth under SWDA § 1004(27), 42

1  U.S.C. § 6903(27), and applicable state law.

2  30.  **National Contingency Plan**: As used in this pleading, the term "National
3  Contingency Plan" ("NCP") means the National Oil and Hazardous Substance
4  Pollution Contingency Plan as set forth in 40 C.F.R. Part 300; the Congressionally-
5  mandated plan developed by the EPA that delineates the required procedures for
6  investigating, analyzing remedial alternatives, responding to, and
7  abating the adverse effects of Releases of Hazardous Substances into the
8  environment.

9  31.  **Site**: As used in this pleading, the term "Site" refers to the tract of land
10  which comprises the property, located at 690 N. Ventura Road, Oxnard, CA 93030,
11  including the structures, soil, subsoil, and groundwater thereon, and lands
12  immediately adjacent thereto.

13  32.  **Release**: As used in this pleading, the term "Release"shall have the
14  meaning set forth in CERCLA § 101(22), 42 U.S.C. § 9601(22):

15  [a]ny spill, leaking, pumping, pouring, emitting, emptying,
discharging, injecting, escaping, leaching, dumping or
16  disposing into the environment (including the
abandonment or discharging of barrels, containers, and
17  other closed receptacles containing any hazardous
substance or pollutant or contaminant).
18

19  33.  **Response Cost(s)**: As used in this pleading, the term "response costs"
20  means the costs of "removal" and "remedial actions" of Hazardous Substances and/or
21  Hazardous Wastes, as those terms are defined in CERCLA § 101(23) and (24), 42
22  U.S.C. § 9601(23) and (24), all other costs to respond to releases of Hazardous
23  Substances, as defined in CERCLA § 101(25), 42 U.S.C. § 9601(25). Such costs
24  include, but are not limited to, costs incurred to monitor, assess and evaluate the
25  release of Hazardous Substances and/or Hazardous Waste as well as costs of removal
26  and disposal of the Hazardous Substance and/or Hazardous Waste. Such costs also
27  include those incurred in actions to permanently remedy the release of Hazardous
28  Substances and/or Hazardous Waste, including, but not limited to: (1) the storage,

1 confinement and cleanup of Hazardous Substances or Hazardous Waste; (2) the
2 recycling or reuse, diversion, destruction or segregation of reactive wastes; (3) the
3 dredging or excavation, repair or replacement of leaking containers; and (4) any other
4 such action necessary to protect public health, welfare and the environment. The
5 term "response costs" also means any costs and attorneys' fees incurred in enforcing
6 either removal or remedial actions or CERCLA's scheme for liability, compensation
7 and cost recovery, set forth in CERCLA § 102(25), 42 U.S.C. § 9601(25).

8      34.    **Environmental Conditions:** As used in this pleading, the term
9 "Environmental Conditions" means the contamination and pollution at and in the
10 vicinity of the Site due to the presence of Hazardous Substances, Hazardous Waste,
11 and/or other contaminants, including but not limited to the structures, surfaces, soil,
12 subsoil, and groundwater thereon.

13                           **COMMON ALLEGATIONS**

14      35.    "The Site" is located at 690 N. Ventura Road, Oxnard, CA 93030, a
15 portion of the Fremont Square Shopping Center. Plaintiff is informed and believes
16 and on that basis alleges that since its construction on or about July 1961 the Site has
17 been used for the operation of a dry cleaning business by various individuals under
18 various business names including: Town & Country Cleaners; Fremont Cleaners &
19 Laundry; Fremont Square Cleaners; Fremont Cleaners, and Peacock Cleaners &
20 Laundry.

21      36.    Plaintiff obtained ownership of the Site on May 16, 1984 and continues
22 to own the Site.

23      37.    Defendant Cecil Tucker, an individual, executed a lease agreement with
24 Plaintiff's predecessor in interest dated April 11, 1961. The lease was for a term of
25 ten years extending from July 1, 1961 to June 30, 1971. Thereafter, upon the
26 tenant's holdover the lease would convert to month to month. The lease identified
27 the use of the Site as a dry cleaning business. Mr. Tucker conducted business under
28 the names Town & Country Cleaners and Peacock Cleaners & Laundry. Plaintiff is

1 informed and believes and on that basis alleges that Defendant Winnie Mae
2 Thurrman, also known as Nena Mae Thurman and Nena Mae Tucker, participated
3 with Mr. Tucker in the operation of Town & Country Cleaners and Peacock Cleaners
4 & Laundry at the Site during the times alleged herein.

5    38.    Plaintiff is informed and believes, and on that basis alleges that
6 beginning on or about 1982 and continuing through on or about 1989 Defendants
7 Fremont-Peacock Cleaners, Inc. and Fremont-Peacock, Inc. assumed the month to
8 month leasehold created by the April 11, 1961 lease described in Paragraph 37.
9 Plaintiff is informed and believes and on that ground alleges that Defendants
10 conducted a dry cleaning operations business at the Site as Fremont Square Cleaners,
11 Fremont Cleaners & Laundry, and Fremont Cleaners during the times alleged herein.

12    39.    Plaintiff is informed and believes, and on that basis alleges that in
13 March of 1987 Defendants Donald G. Edwards and Peggy J. Edwards began
14 conducting dry cleaning operations at the Site doing business under the name
15 Fremont Cleaners.

16    40.    Defendant Donald G. Edwards executed a lease with Plaintiff dated
17 April 1, 1991, for use of the Site for dry cleaning operations under the name Fremont
18 Cleaners. The term of the lease was for a period of five years with an option to renew
19 the lease for an additional five years.

20    41.    In a written agreement dated June 20, 1991, Defendant Donald G.
21 Edward sold, transferred and assigned his interest in the April 1, 1991 lease to
22 Defendant Seung Kook Lim. Plaintiff is informed and believes, and on that basis
23 alleges that Defendants Seung Kook Lim and Haw Lee Lim continued to conduct dry
24 cleaning operations at the Site until sometime before February 15, 1994, doing
25 business as Fremont Square Cleaners.

26    42.    Defendants Chang H. Chung and Jeung H. Chung executed a written
27 lease with Plaintiff dated February 15, 1994, for use of the Site for the operation of
28 a dry cleaning business. The term of the lease was for a period of five years with an

Complaint
- 11 -

1 option to renew for an additional term of five years. Plaintiff is informed and
2 believes, and on that basis alleges that the Chung Defendants conducted business at
3 the site under the name Fremont Cleaners.

4     43.     Defendants Byung Yul Moon and Seon Hi Moon executed a written
5 lease with Plaintiff dated July 24, 1997, for use of the Site for use as a dry cleaning
6 business identified as Fremont Cleaners. The term of the lease for a period of five
7 years with a right to renew the lease for an additional five years.

8     44.     Plaintiff is informed and believes, and on that basis alleges that on or
9 about September 1997, Defendants Byung Yul Moon and Seon Hi Moon executed
10 an assignment of their lease on the Site to Defendant Hyun Rok Moon. The
11 assignment identifies Defendant Hyun Rok Moon as the son of Defendants Byung
12 Yul Moon and Seon Rok Moon. The assignment further states that Defendant Hyun
13 Rok Moon will be the owner and operator of the Fremont Cleaners business.
14 Defendant Hyun Rok Moon was added as a signatory to the July 24, 1997 lease by
15 means of an addendum to the lease signed by all the Moon Defendants on September
16 16, 1997.

17     45.     The Moon Defendants executed a written renewal of the Site lease for
18 an addition of five years on March 22 and 23, 2002, in response to a written proposal
19 dated March 6, 2002.

20     46.     By written agreement dated March 18, 2003, the Moon Defendants
21 assigned their interest in the July 24, 1997 lease to Defendant Rita Rodriguez who
22 conducted dry cleaning operations at the Site until December 2005.

23     47.     In December of 2005, by written agreement, Defendant Rita Rodriguez
24 assigned her rights under the lease dated July 24, 1997 and subsequently modified
25 by letter agreement dated March 6, 2002, to Mr. Gerardo Arellano. Mr. Arellano is
26 not a party to this litigation.

27     48.     Plaintiff is informed and believes, and on that basis alleges that all
28 defendants conducted dry cleaning operations at 690 N. Ventura Road, Oxnard, CA

1  93030 throughout the period of time that each leased the Site between 1961 and
2  2005. Plaintiff is informed and believes and on that basis alleges that all Defendants'
3  dry cleaning operations involved the use of the hazardous substance
4  perchloroethylene ("PCE"), a chlorinated solvent commonly used in the dry cleaning
5  industry.

6      49.    PCE is a Hazardous Substance as defined by applicable federal law, and
7  when released into the environment constitutes a hazardous waste. PCE has been
8  identified by the State of California to be a chemical known to cause cancer and/or
9  to be toxic to the human reproductive system.

10      50.    Plaintiff is informed and believes, and on that basis alleges that all
11  Defendants' dry cleaning operations at the Site over a period of years released PCE
12  into the soil and groundwater underlying the Site from where PCE and its known
13  breakdown products can be and have been measured.

14      51.    As a consequence of the Defendants' release of PCE into the soil and
15  groundwater underlying the Site it constitutes a "facility" as defined by CERCLA,
16  42 U.S.C. § 9601(9).

17      52.    As past Operators of the Site at which Hazardous Substances have been
18  released and have come to be located, Defendants are liable under applicable federal
19  and state environmental laws for the necessary costs incurred, and to be incurred, to
20  investigate and clean up the Release and Threatened Release of Hazardous
21  Substances and Wastes at and emanating from the Site.

22      53.    Plaintiff is informed and believes, and on that basis alleges that
23  Defendants Disposed and Released Hazardous Substances and Hazardous Wastes on
24  the Site as a result of the use and storage of such materials in connection with their
25  dry cleaning operations, which caused a Disposal and Release on and into the
26  Environment, and that Defendants failed to warn Plaintiff of the contamination
27  associated with the dry cleaning solvents used at the Site.

28      54.    To date, Plaintiff has incurred costs due to Releases and Threatened

1 Releases of Hazardous Substances and Hazardous Wastes at and emanating from the
2 Site. Plaintiff has incurred such necessary Response Costs consistent with the NCP,
3 40 C.F.R. § 300, and HSAA, California Health & Safety Code sections 25300-25395,
4 and in accordance with the requirements of governmental agencies with
5 environmental jurisdiction. Plaintiff will continue to incur Response Costs in the
6 future to complete the cleanup of sub-surface sources of soil and groundwater
7 contamination at the Site associated with the Releases and Threatened Releases of
8 Hazardous Substances and Hazardous Wastes at and emanating from the Site.

9     55. Plaintiff is informed and believes, and on that basis alleges that any
10 contamination of the soil, sub-surface soil, and groundwater, or all of the foregoing,
11 at the Site was caused and contributed to by Defendants' maintenance and operation
12 of a dry cleaning Facility that has been active since approximately 1961, that such
13 activities caused the Disposal and Release of Hazardous Substances and Hazardous
14 Wastes on and into the Environment; and that said Release and Disposal continue and
15 are ongoing.

16     56. Plaintiff files this Complaint herein to recover damages and Response
17 Costs it incurred, and will incur, for removal and remediation of Hazardous
18 Substance and Hazardous Waste contamination on the Site caused and contributed
19 to by Defendants. Plaintiff further alleges that its Response Costs incurred, and to
20 be incurred, have been and will be consistent with the NCP.

21     57. As a result of the contamination of the Site by Defendants' actions and
22 operations, Plaintiff is injured and will continue to suffer injury in the future. In
23 addition, Plaintiff has incurred and will continue to incur Response Costs and fees
24 including investigation and remediation costs and attorney's fees associated with the
25 contamination caused and contributed to by Defendants.

26     58. By Disposing of PCE and other Hazardous Substances and Hazardous
27 Wastes on and under the Site, Defendants have harmed the Site, reducing its property
28 value and subjecting Plaintiff to potential liability under state and federal

1 | environmental laws as an owner and operator of the Site.

2 | 59. As a proximate result of the Defendants' dry cleaning operations at the
3 | Site between 1961 and 2005 and consequent contamination of the soil and
4 | groundwater beneath and adjacent to the Site, Plaintiff has incurred and will continue
5 | to incr the following damages:

6 | a. costs of "removal" and "remedial actions' of Hazardous Substances, as
7 | those terms are defined in CERCLA, 42 U.S.C. § 9601(23) and (24);

8 | b. costs to "respond" to Releases of Hazardous Substances, as defined in
9 | CERCLA, 42 U.S.C. § 9601(25);

10 | c. costs incurred to monitor, assess and evaluate the Release of Hazardous
11 | Substances and Hazardous Wastes;

12 | d. costs to remove and dispose of any Hazardous Substances and
13 | Hazardous Wastes and chemicals known by the State of California to
14 | cause cancer and/or reproductive toxicity;

15 | e. costs to remedy permanently the release of Hazardous Substances and
16 | Hazardous Wastes, and chemicals known by the State of California to
17 | cause cancer and/or to be toxic to the human reproductive system,
18 | including, but not limited to: (1) the storage, confinement, and cleanup
19 | of Hazardous Substances, Hazardous Wastes, and chemicals known by
20 | the State of California to cause cancer and/or reproductive toxicity; (2)
21 | the recycling or reuse, diversion, destruction or segregation of reactive
22 | wastes; (3) the dredging or excavation, repair, or replacement of leaking
23 | containers ; and (4) any other such action necessary to protect public
24 | health, welfare and the environment;

25 | f. additional taxes, assessments, fees, interest, levies, penalties, and/or
26 | taxes arising out of, or related to, any of (a) through (e) above on the
27 | grounds that Plaintiff is viewed as an owner and operator of the Site;

28 | g. a permanent loss in the market value of the Site, 690 N. Ventura Road,

1  Oxnard, CA 93030;

2  h.  a permanent reduction in the rental value of the Site, 690 N. Ventura
3      Road, Oxnard, CA 93030;

4  i.  costs to respond to and defend future actions and administrative
5      proceedings arising directly or indirectly from the contamination of the
6      Site on the grounds that Plaintiff is viewed as an owner and operator of
7      the Site; and

8  j.  attorneys' fees, expenses and costs arising out of, or related to, any of
9      (a) through (I) above.

10  60.  As a result of the above, Plaintiff has been and will be damaged in an
11  amount presently unknown, which amount will be proven at trial.

12  ## FIRST CLAIM

13  **(Strict Liability Under CERCLA § 107 - Recovery of Response Costs)**
14  (Against All Defendants)

15  61.  Plaintiff hereby incorporates by reference Paragraphs 1 through 60
16  above, as though set forth herein in full.

17  62.  Defendants are "persons" as defined by § 101(21) of CERCLA, 42
18  U.S.C. § 9601(21).

19  63.  The Site, 690 N. Ventura Road, Oxnard, CA 930030, is, and at all times
20  relevant herein was, a "Facility" within the meaning of § 101(9) of CERCLA, 42
21  U.S.C. § 9601(9), in that Hazardous Substances have been deposited, stored,
22  Disposed of, Released, placed, or otherwise have come to be located thereon.

23  64.  Plaintiff is informed and believes and on that basis alleges Defendants
24  are liable under  § 107(a) of CERCLA, 42 U.S.C. § 9607(a), because they are the
25  past owners and operators of the Site,  exercised day-to-day authority and decision-
26  making control, and exercised oversight of the management and control of hazardous
27  waste activities conducted at the Site between 1961 and 2005.

28  65.  The chemicals which have been deposited, stored, disposed of, released,

1 placed, transported to, or otherwise have come to be located at and emanating from
2 the Site are "Hazardous Substances" within the meaning of § 101(14) of CERCLA,
3 42 U.S.C. § 9601(14).

4      66.     Plaintiff, as owner of the Site from which Hazardous Substances were
5 Released, may be potentially liable for response costs in connection with the
6 Environmental Conditions at the Site as an owner and operator, and for
7 reimbursement to the United States or the State of California if either undertakes such
8 activity, pursuant to the provisions of CERCLA, 42 U.S.C §§ 9601-9675.

9      67.     The actions and omissions of Defendants in failing to take reasonable
10 steps to remediate the Environmental Conditions due to these Hazardous Substances
11 has caused or resulted in a "release" of Hazardous Substances at the Site within the
12 meaning of § 101(22) of CERCLA, 42 U.S.C. § 9601(22), and/or the exacerbation
13 of such release.

14     68.     As a direct and proximate result of the actions and omissions of each of
15 the Defendants, Plaintiff has incurred and will continue to incur response costs in
16 investigating and attempting to characterize Environmental Conditions at the Site,
17 including, but not limited to soil sampling; installation of groundwater monitoring
18 wells; sampling of these wells and analysis of same; and drilling soil borings for
19 definition of groundwater configuration, contamination, and flow direction. These
20 response actions have been taken for the purpose of obtaining adequate information
21 to determine feasible remedial alternatives.

22     69.     The costs that have been incurred or which will be incurred, including
23 attorney's fees, are necessary costs of response which are consistent with the NCP.
24 The amount of such costs shall be determined at trial.

25     70.     Defendants are strictly liable under § 107(a) of CERCLA, 42 U.S.C. §
26 9607(a), as the past owners and operators of the Site, for all necessary costs of
27 response to investigate and remediate the Environmental Conditions at the Site.
28 ///

1 | /// 

## SECOND CLAIM

### (Right of Contribution Under CERCLA § 113)

(Against All Defendants)

71.     Plaintiff hereby incorporates by reference Paragraphs 1 through 70 above, as though set forth herein in full.

72.     Plaintiff's potential liability in this action stems from its ownership and operation of the 690 N. Ventura Road, Oxnard, CA 93030 Site, from which Defendants as past owners and operators have released Hazardous Substances and/or allowed the exacerbation of the Environmental Conditions at the Site.

73.     Plaintiff is accorded the right under section 113(f) of CERCLA, 42 U.S.C. § 9613(f), to seek contribution from "any other party who is liable or potentially liable" under §107(a) "for any necessary costs of response" incurred by her for the investigation and remediation of any and all disposals and/or releases of Hazardous Substances at the Site.

74.     Defendants as past owners and operators of the Site who exercised oversight of the management and control of Hazardous Substance and Hazardous Waste activities conducted thereon are parties who are liable or potentially liable under §107(a) for any necessary costs of response incurred by Plaintiff for the investigation and remediation of any and all disposals and/or releases of Hazardous Substances and Hazardous Wastes at the Site.

75.     Plaintiff, therefore, is entitled to complete contribution from each of the Defendants under §113(f) of CERCLA, 42 U.S.C. § 9613(f), and for all necessary costs of response together with interest and court costs.

## THIRD CLAIM

### (Declaratory Relief Under CERCLA)

(Against All Defendants)

76.     Plaintiff hereby incorporates by reference Paragraphs 1 through 75 above, as though set forth herein in full.

77.     Plaintiff prays for a declaratory judgment, pursuant to 28 U.S.C. § 2201and 42 U.S.C. §§ 9607 and 9613, for the purpose of determining a question of actual controversy between and among the parties, as appears above and as hereinafter more fully appears.

78.     An actual controversy has arisen and now exists between Plaintiff and each of the Defendants in that the Defendants have denied, or will likely deny:

(a)     That, as between Plaintiff and themselves, responsibility, if any, for the damages claimed by Plaintiff rests entirely on persons other than Plaintiff, such as the Defendants for their past ownership and operation of the dry cleaning operations conducted at the Site in exercising oversight of the management and control of Hazardous Substance and Hazardous Waste activities conducted thereon at all relevant times; and

(b)     That as a result, Defendants are obligated to indemnify Plaintiff for any sums that it has been and may be compelled to pay as the result of any damages, judgment, or other awards recovered against Plaintiff as a result of the events described in this Complaint.

79.     Plaintiff, therefore, requests that this Court enter a declaratory judgment declaring that Defendants are liable for all or part of the costs plus interest of past, present, and future actions to be taken by themselves, Plaintiff, or other persons consistent with the NCP, to respond to releases or threatened releases at or proximately caused by conditions that existed, do exist, or will exist at or in connection with the Site; for any past or future damages arising from the Site. Plaintiff also seeks that this Court enter a declaratory judgment that Plaintiff deposited no Hazardous Substances or Hazardous Wastes at the Site between 1961 and 2005.

## FOURTH CLAIM

1  **(Injunctive Relief Under the Resource Conservation and Recovery Act)**

2  (Against All Defendants)

3  80.    Plaintiff hereby incorporates by reference Paragraphs 1 through 79

4  above, as though set forth herein in full.

5  81.    Plaintiff has given the notice of the endangerment required by RCRA,

6  42 U.S.C. § 6972(b)(2)(A), to all required persons, including the Defendants, the

7  Administrator of the United States Environmental Protection Agency, and the State

8  of California.

9  82.    Plaintiff is informed and believes, and on that basis alleges that neither

10 the Administrator of the United States Environmental Protection Agency, nor the

11 State of California:

12  a.    has commenced or is diligently prosecuting an action under RCRA, 42

13        U.S.C. § 6973, or CERCLA, 42 U.S.C. § 9606, to restrain or abate acts

14        or conditions that may have contributed, or are contributing, to the

15        alleged endangerment at the Site;

16  b.    is actually engaged in a removal action under CERCLA, 42 U.S.C. §

17        9604 on the Site;

18  c.    has incurred costs to initiate a Remedial Investigation and Feasibility

19        Study ("RI/FS") under CERCLA, 42 U.S.C. § 9604, for the Site;

20  d.    is diligently prosecuting a remedial action under CERCLA to remedy

21        the Site; or

22  e.    has obtained a court order under RCRA, 42 U.S.C. § 6973 or CERCLA,

23        42 U.S.C. § 9606, pursuant to which a responsible party is diligently

24        conducting a removal action, RI/FS, or proceeding with a remedial

25        action for the Site.

26  83.    Defendants have contributed over a number of years to the handling,

27 storage and disposal of Hazardous Substances and Hazardous Wastes on the Site.

28  84.    The PCE and other Hazardous Substances and Hazardous Wastes

1 | handled, stored, and disposed by the Defendants on the Site over a number of years
2 | presents an imminent and substantial endangerment to health and to the environment.

3 |     85.    Plaintiff therefore requests, pursuant to the citizen suit provision of
4 | RCRA, 42 U.S.C. §6972(a)(1)(B), that the Court issue a permanent injunction
5 | ordering each Defendant to conduct the necessary environmental remedial
6 | investigation and to remediate the Site.

7 |     86.    Pursuant to RCRA, 42 U.S.C. § 6972(e), Plaintiff requests an award of
8 | costs of this litigation, including, but not limited to, reasonable attorney's fees and
9 | expert witness fees. Plaintiff also seeks costs to monitor compliance of Defendants
10 | within the order of judgment, including reasonable attorney's fees and expert witness
11 | fees.

12 | ### FIFTH CLAIM

13 | **(Contribution Under California Health & Safety Code § 25363(e))**

14 | (Against All Defendants)

15 |     87.    Plaintiff hereby incorporates by reference Paragraphs 1 through 86
16 | above, as though set forth herein in full.

17 |     88.    The Carpenter-Presley-Tanner Hazardous Substance Account Act,
18 | California Health and Safety Code §§ 25300 - 25395 ("HSAA") was enacted to
19 | encourage expedient cleanup of contaminated properties. To provide such
20 | encouragement, the legislature included the statutory right of indemnification for
21 | those parties who clean up the properties from those parties who are liable for
22 | contamination. Responsible parties include current owners of a Facility where
23 | contamination is located.

24 |     89.    Plaintiff is informed and believes, and on that basis alleges that each of
25 | Defendants obtained their ownership interest in and engaged in the hazardous waste
26 | operations conducted at the Site, over a period of years extending from 1961 until
27 | 2005, and are the past owners and operators of the Site on which soil and
28 | groundwater contamination is located.

1  90.  Defendants are statutorily liable for all costs incurred pursuant to the
2  directions of the Los Angeles Region, Regional Water Quality Control Board ("the
3  Board") to investigate and remediate the Environmental Conditions.

4  91.  Plaintiff has expended, and will continue to expend, funds for removal
5  and remedial activities required by the Board.

6  92.  The liability of Defendants under the HSAA has not been determined
7  nor discharged by arbitration under California Health and Safety Code § 25356.6.

8  93.  Plaintiff is entitled to indemnification, in whole or in part, for all costs
9  incurred for compliance with the instructions and requirements of the Board, based
10  on Health and Safety Code § 25363.

11  94.  Plaintiff is providing written notice to the Director of the California
12  Department of Toxic Substances Control in accordance with California Health and
13  Safety Code § 25363(e).

**SIXTH CLAIM**

**(Declaratory Relief Under CCP § 1060)**

(Against All Defendants)

17  95.  Plaintiff hereby incorporates by reference Paragraphs 1 through 94 above,
18  as though set forth herein in full.

19  96.  Plaintiff is accorded the right under California Health & Safety Code §
20  25363 (e) to seek contribution or indemnity from anyone who is liable pursuant to the
21  HSAA, California Health & Safety Code §§ 25300-25395, for any costs incurred for
22  removal or remedial action in accordance with the HSAA.

23  97.  Plaintiff is informed and believes, and on that basis alleges that each of
24  Defendants exercised day-to-day authority and decision making control over
25  Hazardous Waste activities conducted on the Site between 1961 and 2005.

26  98.  As a direct and proximate result of the disposals and/or releases of
27  Hazardous Substances at the Site and the resultant Environmental Conditions
28  thereon, Plaintiff has incurred and will continue to incur costs for removal or

1 remedial actions taken in accordance with the HSAA, with respect to the structures,
2 soil, subsoil, surface water and groundwater at and emanating from the Site.

3     99.    Plaintiff, therefore, is entitled to a declaratory judgment under California
4 Code of Civil Procedure § 1060 et seq. setting forth the liability of Defendants for
5 such future response costs.

6 **SEVENTH CLAIM**

7 **(Public Nuisance)**

8 (Against All Defendants)

9     100.    Plaintiff hereby incorporates by reference Paragraphs 1 through 99
10 above, as though set forth herein in full.

11     101.    Plaintiff is informed and believes, and on that basis alleges that by
12 Defendants' actions and omissions in allowing PCE and other Hazardous Substances
13 and Hazardous Wastes at the Site to be released into the environment, Defendants are
14 liable for causing, creating, maintaining or contributing to a public nuisance, as
15 defined in California Civil Code §§ 3479 and 3480, at the Site in that the releases of
16 Hazardous Substances and exacerbation of Environmental Conditions caused and
17 contributed to by each of the Defendants has created a condition which is injurious
18 to health, or is indecent or offensive to the senses, of the public in general.

19     102.    Plaintiff is informed and believes, and on that basis alleges that the
20 Defendants have caused or contributed to this public nuisance to the detriment of the
21 public, whose health and natural resources have been, and continue to be, adversely
22 affected. As such, each of Defendants is the cause-in-fact and the proximate cause
23 of the nuisance condition.

24     103.    Plaintiff is informed and believes, and on that basis alleges that the
25 condition of public nuisance at the Site affects the entire community in that the
26 Hazardous Substances released and discharged by the Defendants have contaminated
27 the groundwater, which is the property of the people of the State of California. These
28 Hazardous Substances have migrated, and are continuing to migrate, into the

1 environment, continuing to damage the public natural resources of the State of
2 California and thereby depriving the public of the right to have, and numbers of
3 people of the right to the free and full beneficial uses of uncontaminated
4 groundwater.

5     104.   Defendants have caused Plaintiff to suffer special injury as a result of
6 the Environmental Conditions at the Site. Specifically, Plaintiff has incurred and will
7 continue to incur response costs in investigating and attempting to characterize
8 Environmental Conditions at the Site, including but not limited to soil sampling;
9 installation of groundwater monitoring wells; sampling of these wells and analysis
10 of same; and drilling soil borings for definition of groundwater configuration,
11 contamination, and flow direction. These response actions have been taken for the
12 purpose of obtaining adequate information to determine feasible remedial
13 alternatives. Furthermore, Plaintiff has incurred substantial legal and technical fees
14 and costs to assess responsibility for, and respond to the condition of nuisance.

15     105.   The Hazardous Substances in the surface and sub-surface soils and
16 groundwater beneath and adjacent to the Site have commingled to create a single
17 indivisible harm to, and potential endangerment of the public health, welfare and the
18 environment.

19     106.   Defendants are strictly and jointly and severally liable for abatement of
20 said single indivisible endangerment to the environment and resulting interference
21 with the public's free use and enjoyment of public resources, including groundwater.

22     107.   The continuing nuisance condition created by the Hazardous Substance
23 and Hazardous Waste operations conducted by Defendants at the Site between 1961
24 and 2005 can be abated at an economical cost.

25     108.   Plaintiff has given notice to Defendants of the obstruction and
26 endangerment caused by the public nuisance, and requested its abatement, but
27 Defendants have failed and refused, and continues to fail and refuse, to properly and
28 timely abate the nuisance or to compensate Plaintiff for damages suffered.

Complaint
- 24 -

1  ///

2  ///

3               **EIGHTH CLAIM**

4              **(Private Nuisance)**

5             (Against All Defendants)

6      109.   Plaintiff hereby incorporates by reference Paragraphs 1 through 108

7  above, as though set forth herein in full.

8      110.   Releases of Hazardous Substances and Hazardous Waste resulting from

9  Defendants' dry cleaning operations at the Site between 1961 and 2005 have

10 unreasonably and substantially interfered with and obstructed Plaintiff's use and

11 enjoyment of the Site, and other rights of private occupancy, constituting a nuisance

12 within the meaning of California Civil Code § 3479, which nuisance is continuing

13 and abatable at an economical cost.

14     111.   Defendants have neglected to abate the continuing nuisance on the Site.

15     112.   Plaintiff has not consented and does not consent to this nuisance.

16 Defendants knew or should have known that Plaintiff did not consent to the nuisance

17 condition.

18     113.   As a direct and proximate result of the continuing nuisance created by

19 Defendants, Plaintiff has incurred and will continue to incur expenses, losses and

20 damages as set forth above.

21               **NINTH CLAIM**

22               **(Negligence)**

23             (Against All Defendants)

24     114.   Plaintiff hereby incorporates by reference Paragraphs 1 through 113

25 above, as though set forth herein in full.

26     115.   Defendants, as past owners and operators who exercised oversight of the

27 management and control of the Hazardous Substance and Hazardous Waste activities

28 they conducted at the Site, incidental to their dry cleaning operations between 1961

and 2005, owed a duty of care to Plaintiff not to use, manage, and occupy and conduct operations at the Site in such a manner as to allow the release of Hazardous Substance and Hazardous Wastes with the resultant detriment to Site Environmental Conditions, and in turn caused damage to Plaintiff.

116. Plaintiff is informed and believes, and on that basis alleges that since becoming the owners and operators of the dry cleaning operations conducted at the Site between 1961 and 2005, Defendants have breached their duty to Plaintiff by failing to exercise reasonable care in its use, management, and occupation of the Site and the Hazardous Substance and Hazardous Waste activities conducted thereon. Defendants negligently used, managed, and occupied this property in the day-to-day control and management of Hazardous Substance and Hazardous Wastes operations they conducted causing and allowing the Release of Hazardous Substances and Hazardous Wastes to the soil and groundwater of the Site with a resulting exacerbation of the Environmental Conditions thereon and failing to take reasonable steps to prevent such exacerbation or remediate the Environmental Conditions. This breach of duty by Defendants resulted in the worsening of the Environmental Conditions, and has substantially increased Plaintiff's costs to investigate and remediate same. This harm was reasonably foreseeable to Defendants.

117. But for Defendants' actions and omissions in exacerbating the Environmental Conditions at the Site and failing to take reasonable steps to prevent or remediate same, Plaintiff would not have incurred damages and losses in an amount measured by the increase in investigation and remediation costs due to Defendants' breaches as alleged in Paragraph 116.

118. As a further direct and proximate result of Defendants' actions and omissions as described above, Plaintiff has incurred and will incur in the future, substantial necessary response costs and other costs for investigating, monitoring, engineering, and cleaning-up of the Environmental Conditions at the Site to comply with applicable laws. Such costs also include, but are not limited to, attorneys' fees.

1   / / /

2   / / /

3                                **TENTH CLAIM**

4                              **(Negligence Per Se)**

5                            (Against All Defendants)

6       119.    Plaintiff hereby incorporates by reference Paragraphs 1 through 118

7   above, as though set forth herein in full.

8       120.    Defendants were obligated to comply with all applicable laws,

9   regulations, rules and orders of every governmental agency having jurisdiction over

10  the Site or the activities or uses to be conducted on the Site, including without

11  limitation, those relating to health, safety and environmental protection.

12      121.    Defendants, by repeatedly releasing and discharging PCE and other

13  Hazardous Substances and Hazardous Wastes as a consequence of the dry cleaning

14  operations conducted on the Site between 1961 and 2005 violated several federal and

15  California statutes, including CERCLA, 42 U.S.C. §§ 9601-9675, RCRA, 42 U.S.C.

16  §§ 6901-6992k, and the California Porter-Cologne Water Quality Control Act, Cal.

17  Water Code §§ 13000-13953.4.

18      122.    These statutes were enacted for the purpose of protecting the class of

19  persons living in the vicinity of commercial and industrial facilities from personal

20  and property damage caused by environmental pollution.

21      123.    Plaintiff is within the class of persons protected by these statutes.

22      124.    The environmental contamination and the resulting damages suffered by

23  Plaintiff as cause-in-fact and proximate cause of Defendants' failure to comply with

24  these statutes are within the harm the statutes were intended to protect against.

25      125.    Defendants' violations of the federal and state statutes in releasing and

26  discharging PCE and other Hazardous Substances and Hazardous Wastes at the Site

27  are breaches of Defendants' duty of care owed to Plaintiff.

28      126     As a direct and proximate result of Defendants' negligence, Plaintiff has

1  suffered expenses, losses, and damages, as set forth above.

2  / / /

3  ## ELEVENTH CLAIM

4  ### (Waste)

5  (Against All Defendants)

6  127.   Plaintiff hereby incorporates by reference Paragraphs 1 through 126

7  above, as though set forth herein in full.

8  128.   The conduct of each of Defendants, as previously alleged, has caused the

9  release of Hazardous Substances and Hazardous Waste on Plaintiff's property at 690

10  N. Ventura Road, Oxnard, CA 93030 between 1961 and 2005.

11  129.   The conduct of Defendants constitutes waste and has permanently

12  diminished and depreciated the market value of the Site, has impaired the market

13  value and usefulness of the Site, and has exposed Plaintiff to potential liabilities as

14  the Site owner and operator.

15  130.   As a direct and proximate result of the waste committed by Defendants,

16  Plaintiff has suffered increased expenses, losses, and damages as set forth above.

17  131.   Pursuant to Cal. Code of Civil Procedure § 732, Plaintiff is entitled to

18  treble damages for the waste committed by Defendants.

19  ## TWELFTH CLAIM

20  ### (Trespass)

21  (Against All Defendants)

22  132.   Plaintiff hereby incorporates by reference Paragraphs 1 through 131

23  above, as though set forth herein in full.

24  133.   As a consequence of Defendants' dry cleaning operations conducted

25  between 1961 and 2005 Defendants deposited PCE and other Hazardous Substances

26  and Hazardous Wastes upon and beneath the Site without Plaintiff's knowledge or

27  consent, and in a manner that has caused substantial property damage.

28  134.   Plaintiff is informed and believes, and on that basis alleges that

Complaint
- 28 -

1  Defendants knew or should have known that the release of PCE and other Hazardous
2  Substances and Hazardous Wastes as a consequence of their dry cleaning operations
3  would result in the entry of foreign matter onto and beneath the Site.

4      135.   Plaintiff has a possessory interest in the Site.  The continuing migration
5  of PCE and other Hazardous Substances and Hazardous Wastes through the soil and
6  groundwater at and below the Site constitutes a wrongful entry onto Plaintiff's
7  property.

8      136.   As a direct and proximate result of the continuing trespass, Plaintiff has
9  incurred and will continue to incur expenses, losses, and damages as set forth above.

10                          **THIRTEENTH CLAIM**

11                          **(Equitable Indemnity)**

12                          (Against All Defendants)

13     137.   Plaintiff hereby incorporates by reference Paragraphs 1 through 136
14  above, as though set forth herein in full.

15     138.   Plaintiff has been, and will continue to be, compelled by the operation
16  of applicable Federal and State laws as the owner and operator of the Site to incur
17  necessary response costs consistent with the NCP and other abatement costs to
18  investigate, study, and remove the pollutants from the surface and sub-surface soils
19  and groundwater beneath and adjacent to the 690 N. Ventura Road, Oxnard, CA
20  93030 Site, and to take other response actions necessary to protect public health and
21  the environment, and to enforce the liability schemes set forth in CERCLA and in
22  State and local law.

23     139.   Defendants are liable in whole or in part for this contamination and the
24  Environmental Conditions as a result of their past ownership and operation of the dry
25  cleaning operations conducted on the Site between 1961 and 2005, and their actions
26  and omissions in allowing and causing the continued release of Hazardous
27  Substances and/or Hazardous Wastes into the environment at the Site.

28     140.   Defendants are, therefore, bound and obligated, jointly and severally, to

---

1  indemnify and hold harmless Plaintiff from and against any and all response costs
2  and any other costs heretofore or hereafter incurred by it in responding to the release
3  of Hazardous Substances and Hazardous Wastes, and to investigate and remediate the
4  Environmental Conditions at the Site. Defendants are liable for the reimbursement
5  and indemnification of Plaintiff for all response costs and other costs, including
6  attorneys fees, which will be incurred as a result of Plaintiff's investigation and
7  remediation of the Environmental Conditions at the Site.

## FOURTEENTH CLAIM

### (Restitution)

(Against All Defendants)

11  141.   Plaintiff hereby incorporates by reference Paragraphs 1 through 140
12  above, as though set forth herein in full.

13  142.   Plaintiff has expended money, and continues to do so, in an effort to
14  investigate and remedy the Environmental Conditions at the 690 N. Ventura Road,
15  Oxnard, CA 93030 Site. Specifically, Plaintiff has incurred and will continue to
16  incur response costs in investigating and attempting to characterize Environmental
17  Conditions at the Site, including, but not limited to, soil sampling; installation of
18  groundwater monitoring wells; sampling of these wells and analysis of same; and
19  drilling soil borings for definition of groundwater configuration, contamination, and
20  flow direction. These response actions have been taken for the purpose of obtaining
21  adequate information to determine feasible remedial alternatives. Furthermore,
22  Plaintiff has incurred substantial legal and technical fees and costs to assess
23  responsibility for and respond to the Environmental Conditions.

24  143.   The Environmental Conditions at the Site are the legal responsibility of
25  Defendants, to the extent that they created, maintained, and failed to remedy those
26  Environmental Conditions resulting from dry cleaning operations Defendants
27  conducted at the Site between 1961 and 2005.

28  144.   Plaintiff has expended money, in the manner described above, on behalf

1   of the legal obligation of Defendants to investigate, test, and remedy the
2   Environmental Conditions at the Site.

3       145.    Under the common law principles of restitution, Defendants are required
4   to reimburse Plaintiff for its costs and expenses as herein described. Defendants have
5   failed to provide fully for such reimbursement.

6                                    **PRAYER**

7       WHEREFORE, Plaintiff prays for judgment as follows:

8       1.      For damages against Defendants in an amount to be proven at trial,
9   pursuant to the causes of action set forth above;

10      2.      For judgment against the Defendants for reasonable attorneys' fees and
11  consultant fees, costs of suit and interest at the time of judgment;

12      3.      For contribution and indemnity from Defendants, and each of them,
13  according to proof, together with interest thereon;

14      4.      That this Court enter a declaratory judgment, pursuant to CERCLA and
15  state law, declaring that Defendants, and each of them, are liable for general
16  damages and all costs and expenses, including attorneys' fees, necessary to respond
17  to the Releases or threatened Releases of Hazardous Substances at and emanating
18  from the Site;

19      5.      For a mandatory, preliminary and permanent injunction ordering
20  Defendants to undertake, at their expense, all of the environmental engineering,
21  investigation, studies, monitoring and response actions necessary to respond to, abate
22  and remediate fully and promptly the Environmental Conditions at and emanating
23  from the Site in a manner consistent with the NCP;

24      6.      For judgment against Defendants for full restitution to Plaintiff for all
25  environmental cleanup costs, including engineering and attorneys' fees that have been
26  incurred by Plaintiff in responding to the potential endangerments to health and the
27  environment presented by the Defendants' handling or Disposal of Hazardous
28  Substances and/or Hazardous Waste at the Site, and the resulting Environmental

1   Conditions thereon, according to proof at trial; for nuisance abatement and clean-up
2   costs from Defendants  in an amount equal to all response costs and all other costs
3   and damages incurred as a result of the nuisance condition resulting from the Release
4   of Hazardous Substances and Hazardous Waste at the Site by said parties, according
5   to proof at trial;

6       7.      For compensatory, incidental, and consequential damages against
7   Defendants, according to proof, including an award of treble damages pursuant to
8   California Code of Civil Procedure § 732 for creating waste on Plaintiff's property;

9       8.      That this Court enter a declaratory judgment declaring that Defendants
10  are required to abate the continuing public nuisance at the Site;

11      9.      For a judgment for attorneys' fees against Defendants pursuant to
12  California Code of Civil Procedure § 1021.5;

13      10.     For a judgment for attorneys' fees against Defendants pursuant to
14  California Code of Civil Procedure §1021.6; and

15      11.     For such other and further relief as this Court deems just and proper.
16  Dated: December _i6, 2010                    Respectfully submitted,

17                                              THE CRONIN LAW GROUP

18

19                                          By: _Timothy C. Crain_____
20                                              TIMOTHY C. CRONIN
21                                              DENNIS J. BYRNE
                                                Attorneys for Plaintiff
22                                              B.G.N. Fremont Square, Ltd.

23

24

25

26

27

28

                                    Complaint
                                      - 32 -

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: December 16, 2010

Respectfully submitted,

THE CRONIN LAW GROUP

By: _____

TIMOTHY C. CRONIN
DENNIS J. BYRNE
Attorneys for Plaintiff
B.G.N. Fremont Square, Ltd.

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| B.G.N. FREMONT SQUARE, LTD., a California Limited Partnership, | CHANG H. CHUNG, an individual, dba Fremont Cleaners; JEUNG H. CHUNG, an individual, dba Fremont Cleaners; DONALD G. EDWARDS, an individual, dba Fremont Cleaners & Laundry; PEGGY J. EDWARDS, an individual, dba Fremont Cleaners & Laundry; FREMONT-PEACOCK CLEANERS, a corporation; et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Timothy C. Cronin, Esq. / Dennis J. Byrne, Esq. THE CRONIN LAW GROUP 744 Montgomery Street, Second Floor San Francisco, CA 94111   Tel: (415) 951-0166 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CERCLA (Federal Comprehensive Response, Compensation and Liability Act) - 42 U.S.C, § 9607(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE/ PENALTY | |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☑ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Timothy C. Crown_   Date December 16, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| B.G.N. FREMONT SQUARE, LTD., a California Limited Partnership, | ) ) |
| *Plaintiff* | ) ) |
| v. | ) |
| CHANG H. CHUNG, an individual, dba Fremont Cleaners; (See attachment for subsequent defendants) | ) ) ) |
| *Defendant* | ) ) |

CV10  9749   GAF (RZx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ALL DEFENDANTS NAMED HEREIN

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Timothy C. Cronin, Esq.
THE CRONIN LAW GROUP
744 Montgomery Street, Second Floor
San Francisco, CA 94111
Tel: (415) 951-0166 / Fax: (415) 951-0167

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

CHRISTOPHER POWERS

Date:  DEC 1 7 2010

Signature of Clerk or Deputy Clerk

1181

---

### *Attachment to A0-440 – SUMMONS IN A CIVIL ACTION*

Subsequent Defendants:

JEUNG H. CHUNG, an individual, dba Fremont Cleaners; DONALD G. EDWARDS, an individual, dba Fremont Cleaners & Laundry; PEGGY J. EDWARDS, an individual, dba Fremont Cleaners & Laundry; FREMONT-PEACOCK CLEANERS, INC., a California corporation; FREMONT-PEACOCK, INC., a California corporation; HAW LEE LIM, an individual, dba Fremont Square Cleaners; SEUNG KOOK LIM, an individual, dba Fremont Square Cleaners; BYUNG YUL MOON, an individual, dba Fremont Cleaners; HYUN ROK MOON, an individual dba Fremont Cleaners; SEON HI MOON, an individual, dba Fremont Cleaners; PEACOCK CLEANERS & LAUNDRY, a business organization form unknown; RITA RODRIGUEZ, an individual, dba Fremont Cleaners; TOWN & COUNTRY CLEANERS, a business organization form unknown; WINNIE MAE THURMAN, a.k.a., NENA MAE THURMAN, a.k.a., NENA MAE TUCKER, an individual, dba Peacock Cleaners & Laundry and Town & Country Cleaners; and CECIL TUCKER, an individual, dba Peacock Cleaners & Laundry and Town & Country Cleaners,

Defendants.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV10-9749 GAF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the The United States District Judge assigned to this case will hear and determine all discovery related motions.

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☑ **Western Division** | ☐ **Southern Division** | ☐ **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**