LINK: 233

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9749 GAF (RZx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | B.G.N. Fremont Square Ltd. v. Chang H. Chung et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      (In Chambers)

**ORDER RE: PROPOSED JUDGMENT**

On September 4, 2013, the Court dismissed Univar, USA, Inc. ("Univar") from this case, pursuant to their motion for summary judgment. (Docket No. 232 [9/04/13 Order].) In its order, the Court inadvertently directed Univar to prepare a judgment reflecting the Court's ruling, and the Court has now received that document. (Docket No. 233.) The request was premature and inappropriate given the requirements of Rule 54(b), Fed. R. Civ. P.

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This rule is designed to "promote judicial efficiency by permitting an appeal of adjudicated claims that are separate and distinct from the remaining unresolved claims." Hameed v. IHOP Franchising, LLC, No. 10-2276, 2011 WL 1233183, at *1 (E.D. Cal. Mar. 31, 2011) (citing Commentary to Fed. R. Civ. P. 54).

Circuit law teaches that there is "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 42 (9th Cir. 1988). Indeed, in "the interest of judicial economy[,] Rule 54(b) should be used sparingly." Gausvik v. Perez, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). A court should enter final judgment under Rule 54(b) only in "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9749 GAF (RZx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | B.G.N. Fremont Square Ltd. v. Chang H. Chung et al | | |

(9th Cir. 1981).  A "similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only when necessary to avoid a harsh and unjust result."  Id.

This is not such a case and Univar does not contend otherwise.   Thus, the Court will adhere to the longstanding policy against granting partial judgments and will not enter it at this time.

**IT IS SO ORDERED.**