LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09749 GAF (RZx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | B.G.N. Fremont Square, Ltd. v. Chang H. Chung, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**          (In Chambers)

### ORDER TO SHOW CAUSE RE: DISMISSAL OF DEFENDANT ESTATE OF WINNIE MAE THURMAN

Plaintiff B.G.N. Fremont Square, Ltd. ("BGN") brings suit pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, et seq. to collect damages and contribution relating to the environmental cleanup of the Property located at 690 North Ventura Road in Oxnard, California. (Docket No. 101, [Third Am. Compl. ("TAC")] 61.) Plaintiff alleges that Defendants—various individuals and businesses that leased and operated dry cleaning businesses on the Property between 1961 and 2005—contaminated the Property by releasing the dry cleaning solvent perchloroethylene ("PCE"), a hazardous substance under federal law, into the soil and groundwater. (TAC ¶¶ 52-54.)

This case is nearly three years old, and is set to begin trial on December 3, 2013. The Final Pretrial Conference is scheduled for November 4, 2013. But on October 16, 2013, a new Defendant was served. (Docket No. 245, [Not. and Acknowledgment of Service].) The Estate of Winnie Mae Thurman (the "Thurman Estate"), which has been a named Defendant in this case since its inception, (Docket No. 1 [Compl.]), has just now been brought into the mix.

Rule 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). While the district court has discretion to grant an extension of time, "no court has ruled that the discretion is limitless." Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing Mann v. American Airlines, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003)).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09749 GAF (RZx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | B.G.N. Fremont Square, Ltd. v. Chang H. Chung, et al. | | |

The last operative pleadings in this case were filed on December 20, 2011, when Plaintiff BGN and Cross-Claimaints James and Virginia Kallins filed a Third Amended Complaint and Third Amended Third-Party Crossclaim, respectively.  (TAC; Docket No. 100 [Third Am. Third-Party Crossclaim].)  Almost 22 months—666 days—passed between the time those pleadings were filed and the date the Thurman Estate was ultimately served.  This lapse especially raises concerns since there has been no apparent attempt to effectuate service on the Thurman Estate in the interim, even though it apparently has some connection to other Defendants[1] in the action.  Even using the filing date of the last operative pleadings, rather than the initial Complaint, the time taken to serve the Thurman Estate so far surpasses the 120 day requirement that the Court is left with little choice but to consider dismissing the action against it.

Accordingly, Plaintiff BGN and Cross-Claimants James and Virginia Kallins are hereby **ORDERED TO SHOW CAUSE** why their actions against the Estate should not be dismissed.  They shall file their responses on or before the close of business on **Wednesday, October 30, 2013.  Failure to respond shall be deemed consent to the dismissal of the Estate from this action.**

**IT IS SO ORDERED.**

---

[1] Peggy Prouse and Kirk Prouse, whom the Estate alleges are Winnie Mae Thurman's heirs.  (Docket No. 249-1, [Ex Parte App. for Extension] at 3.)